1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| M.S., by and through her Guardian ad Litem, David Sisco; DAVID SISCO; and KATHLEEN WILDER,<br><br>            Plaintiffs,<br><br>   v.<br><br>WEED UNION ELEMENTARY SCHOOL DISTRICT, LEEANNA RIZZO, ALISA CUMMINGS, COUNTY OF SISKIYOU, and DEPUTY SHERIFF CARL HOUTMAN,<br><br>            Defendants. | No. 2:13-cv-01211 JAM-DAD<br><br>**ORDER GRANTING COUNTY DEFENDANTS' MOTION TO DISMISS IN PART AND DENYING IN PART** |
|---|---|

This matter is before the Court on Defendants County of Siskiyou ("County") and Deputy Sheriff Carl Houtman's ("Deputy Houtman") (collectively "County Defendants") Motion to Dismiss Plaintiffs' complaint (Doc. #15). Plaintiffs M.S., David Sisco ("Sisco"), and Kathleen Wilder ("Wilder") (collectively "Plaintiffs") oppose the motion (Doc. #22) and Defendant replied (Doc. #24).[1] For the reasons set forth below, County Defendants'

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 23, 2013.

1

Motion to Dismiss is GRANTED in part and DENIED in part

## I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs originally filed this action on June 18, 2013, against County Defendants, Weed Union Elementary School District ("the District"), Leeanna Rizzo ("Rizzo"), and Alisa Cummings ("Principal") (collectively "Defendants").  In the complaint, Plaintiffs' allege seven causes of action: (1) violation of civil rights pursuant to 42 U.S.C. § 1983 as to all Defendants; (2) child abuse as to Rizzo; (3) intentional infliction of emotional distress as to Rizzo; (4) battery as to Rizzo; (5) vicarious liability as to the District; (6) negligence as to Rizzo, Principal, and the District; and (7) negligence as to County Defendants.  Compl ¶¶ 23-57.  On August 16, 2013, the Court dismissed the District without prejudice pursuant to Plaintiffs' request (Doc. #14).

Plaintiffs allege that M.S., a minor, was battered and abused while a student at a school owned and operated by the District.  Id. ¶ 3.  Plaintiffs Sisco and Wilder are M.S.'s natural parents.  Id.  Plaintiffs allege that beginning in or about November 2012, M.S. was harassed by a classmate and by Rizzo, M.S.'s teacher.  Id. ¶¶ 12-13.  Plaintiffs reported the incidents to the Principal and the Weed Police Department.  Id. ¶ 14.  In addition, Plaintiffs allege that the Principal knew that M.S. was molested by a classmate but never reported it to the law enforcement authorities.  Id. ¶¶ 18-19.

On or about February 13, 2013, Deputy Houtman allegedly appeared in uniform at Plaintiffs' home and attempted to dissuade

2

Plaintiffs from testifying or making further complaints against the Principal. Id. at 20. Plaintiffs allegedly declined Deputy Houtman's demand and the Sheriff's Department began a campaign of harassment against Plaintiffs. Id.

## II. OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 556 U.S. 662, 570 (2007). In considering a motion to dismiss, a district court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must sufficiently allege underlying facts to give fair notice and enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S. 2012). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id. Assertions

that are mere "legal conclusions" are therefore not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Dismissal is appropriate when a plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.   Discussion

County Defendants move to dismiss all claims against them: the first claim, a Civil Rights claim under 42 U.S.C. § 1983, and the seventh claim, a negligence claim under state law.[2]

1.   First Claim for Violation of 42 U.S.C. § 1983

County Defendants move to dismiss Plaintiffs' first claim for violation of 42 U.S.C. § 1983 because they have failed to allege sufficient facts to establish the requisite elements of a claim under Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978) and because Plaintiffs have failed to alleged a constitutional violation. Plaintiffs concede that the complaint does not properly allege county liability under Monell

---

[2] County Defendants also mention that the second, third, fourth, fifth, and sixth claims should be dismissed against them. However, these claims are not alleged against them. See Compl. ¶¶ 32-50.

4

and therefore should be dismissed with leave to amend. Accordingly, the Court dismisses Plaintiffs' first claim against the County for violation of § 1983 with leave to amend.

Plaintiffs also argue that Deputy Houtman's actions in dissuading Plaintiffs from reporting or cooperating in a criminal case gives rise to a § 1983 claim against Deputy Houtman. Specifically, Plaintiffs argue that Deputy Houtman violated the First and Fourteenth Amendment by attempting to dissuade Plaintiffs from testifying against Rizzo or the Principal. Plaintiffs' precise claim is unclear, but it appears to be a retaliation claim and a right of access to courts claim. Opp. at 5-7. In addition, Plaintiffs state that their Fourth Amendment claim and the due process claim under the Fourteenth Amendment should be stricken. Opp. at 7.

### a.   Right of Access Claim

For a § 1983 claim, Plaintiffs must allege facts to show "a deprivation of a right, privilege or immunity secured by the Constitution or federal law, by one acting under color of state law." Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998). The right of individuals to pursue legal redress for claims is protected by the First and Fourteenth Amendments. Harrell v. Cook, 169 F.3d 428, 432 (7th Cir. 1999) (quoting Vasquez v. Hernandez, 60 F.3d 325, 328 (7th Cir. 1995)); see also Delew, 143 F.3d at 1222 (9th Cir. 1998) (noting "right of access to the courts is a fundamental right protected by the Constitution"). In the Ninth Circuit, to state a right to access claim, a plaintiff must allege that "defendants' cover-up violated their right of access to the courts by rendering 'any available state

5

1   court remedy ineffective.'"  Delew, 143 F.3d at 1223 (quoting
2   Swekel v. City of River Rouge, 119 F.3d 1259, 1264 (6th Cir.
3   1997)).
4        County Defendants argue that Plaintiffs have not alleged
5   any facts to show that Deputy Houtman took any actions to
6   interfere and stop them from pursuing the prosecution with the
7   Weed Police Department.  In their complaint, Plaintiffs allege
8   that Deputy Houtman tried to dissuade Sisco, Wilder, and/or M.S.
9   "from testifying against or making any further complaints to the
10  Weed police about PRINCIPAL, telling SISCO it would be in
11  plaintiffs' best interests to back off of the reports already
12  made concerning the foregoing alleged events."  Compl. ¶ 20.
13  Plaintiffs allegedly declined, and therefore, "the COUNTY, via
14  its Sheriff's Department began a campaign of harassment against
15  plaintiffs."  Id.  However, there are no allegations that Deputy
16  Houtman has rendered Plaintiffs' judicial remedies inadequate or
17  ineffective.  Therefore, Plaintiffs have not properly alleged a
18  right of access claim.
19                  b.   Retaliation Claim
20       Plaintiffs argue that a § 1983 claim "will lie for
21  retaliation based on the exercise of constitutionally or
22  statutorily protected rights when the government or its
23  officials take negative action against an individual because of
24  his or her exercise of rights guaranteed by the Constitution or
25  federal laws."  Opp. at 6.  In support of their argument,
26  Plaintiffs rely on several out-of-circuit cases.  Nevertheless,
27  the Ninth Circuit has held that a free speech retaliation claim
28  is cognizable under § 1983.  See e.g., Soranno's Gasco, Inc. v.

6

Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) ("The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances. []Deliberate retaliation by state actors against an individual's exercise of this right is actionable under section 1983.") (internal citations omitted).  Plaintiffs may demonstrate a First Amendment retaliation claim by showing that "(1) [they] engaged in constitutionally protected activity; (2) as a result, [they] were subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action."  Blair v. Bethel School Dist., 608 F.3d 540, 543 (9th Cir. 2010) (citing Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006)); see also Wardany v. City of San Jacinto, 5:09-CV-00299, 2011 WL 2119370 (C.D. Cal. May 27, 2011) (applying Blair to a right to petition retaliation claim) aff'd, 509 F. App'x 650 (9th Cir. 2013)

In this case, County Defendants argue that the verbal statements by Deputy Houtman and unrelated actions by other officers, not tied to Deputy Houtman, are insufficient to establish a claim for retaliation.  Reply at 4.  As mentioned above, Plaintiffs allege that Deputy Houtman threatened them. However, verbal threats, alone, are insufficient to state a violation of a constitutional right under § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Plaintiffs also claim in their Tort Claim Letter to the County, attached to the

complaint, that several unnamed deputies followed and watched them, but Plaintiffs fail to allege any facts to connect these actions to Deputy Houtman.  Claim Letter to County of Siskiyou, Ex. 1, Doc. #1-1, at 2.  Without allegations that Deputy Houtman personally participated in the alleged deprivation of First Amendment rights, Plaintiffs cannot state a claim.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under § 1983 there must be a showing of personal participation in the alleged rights deprivation.")

Accordingly, the Court finds that Plaintiffs have failed to state a § 1983 claim against Deputy Houtman.  Because Plaintiffs may be able to allege sufficient facts to state a right of access claim or a retaliation claim, the Court grants Plaintiffs leave to amend.

### 2.   Negligence Claim

County Defendants argue that Plaintiffs' seventh claim for negligence should be dismissed because they failed to comply with the Tort Claims Act ("TCA").  Mot. 4-5.  Plaintiffs contend that the Tort Claim Notice was timely filed.  Opp. at 5.  As an initial matter, Defendants do not argue that Plaintiffs' Tort Notice was untimely; they argue that Plaintiffs' claim was for an intentional tort not for negligence.  See Reply at 2.

State tort law claims are subject to the claim presentation requirements of the TCA.  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988)  A submitted "claim need not contain the detail and specificity required of a pleading, but need only fairly describe what the entity is

alleged to have done." Stockett v. Ass'n of California Water Agencies Joint Powers Ins. Auth., 34 Cal. 4th 441, 446 (2004). If a plaintiff "relies on more than one theory of recovery against the [public entity], each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint." Dixon v. City of Livermore, 127 Cal.App.4th 32, 40 (2005); see Stockett, 34 Cal. 4th at 447; Nelson v. State of California, 139 Cal.App.3d 72, 79 (1982). "[A] complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." Stockett, 34 Cal. 4th at 447. In other words, it is permissible to plead additional theories where the "additional theories [are] based on the same factual foundation as those in the claim, and the claim provide[s] sufficient information to allow the public agency to conduct an investigation into the merits of the claim." Dixon, 127 Cal.App.4th at 42.

In Plaintiffs' claim letter, they state, "The deputies' intentional actions have caused the Siscos to fear for their safety and have caused the [sic] suffer severe emotional distress, fright, anxiety, and physical distress." Claim Letter to County of Siskiyou, Ex. 1, Doc. #1-1, at 2. Although Plaintiffs only refer to intentional actions, Plaintiffs' negligence claim is based on the same factual foundation as the intentional acts. Therefore, the Court finds that Plaintiffs' failure to specifically identify their causes of action in their claim letter is not fatal to their negligence state law claim

against Deputy Houtman in this lawsuit.

County Defendants also argue that Plaintiffs' claim letter contains no claim of wrongful action by the County. Because there are no facts describing wrongful actions by the County, the Court dismisses Plaintiffs' claim for direct liability against the County. Moreover, County Defendants argue that under California Government Code section 820.8 ("Section 820.8), "there is no respondeat superior liability of the County of Siskiyou." Mot. at 2. However, Section 820.8 provides that except as otherwise provided by statute, "a <u>public employee</u> is not liable for an injury caused by the act or omission of another person." Cal. Gov't Code § 820.8 (emphasis added). Therefore, Section 820.8 does not apply to public entities. Contrastingly, under California Government Code section 815.2, a public entity may be found vicariously liable for employees' tortious acts. Cal. Gov't Code § 815.2(a) (providing in relevant part that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of employment"). Therefore, the County may be sued in tort based on a respondeat superior theory of vicarious liability.

Accordingly, the Court denies County Defendants' motion to dismiss Plaintiffs' negligence claim against Deputy Houtman and against the County under a respondeat superior theory of liability. The Court grants County Defendants' motion to dismiss Plaintiffs' negligence against the County for direct liability. Because Plaintiffs' negligence claim against the County for direct liability was not properly noticed, granting

Plaintiff leave to amend would be futile.

### 3. Punitive Damages

County Defendants argue that Plaintiffs are barred from seeking punitive against them. Based on Plaintiffs' prayer for relief, Plaintiffs only seek punitive damages against the County pursuant to their first claim for violation of § 1983. See Compl. at p. 19. Under § 1983, municipalities are immune from punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Accordingly, the Court dismisses Plaintiffs' punitive damages claim and does not grant leave to amend because this claim is legally foreclosed.

### 4. Supplemental Claims

Finally, County Defendants argue that if Plaintiffs' first claim for violation of § 1983 fails, the Court should decline supplemental jurisdiction. Although the Court has dismissed Plaintiffs' first claim against County Defendants, it granted Plaintiffs leave to amend. Accordingly, the Court need not decide whether to decline supplemental jurisdiction at this time.

## III. ORDER

For the foregoing reasons, County Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. County Defendants' Motion to Dismiss Plaintiffs' seventh claim for negligence against Deputy Houtman and the County for vicarious liability is DENIED. The Court GRANTS WITH PREJUDICE County Defendants' Motion to Dismiss:

(1) Plaintiffs' seventh claim for negligence against the

County based on direct liability,

(2) Plaintiffs' claim for punitive damages against the County under § 1983.

The Court DISMISSES WITH LEAVE TO AMEND:

(1) Plaintiffs' first claim for violation § 1983 against County Defendants.

Plaintiffs' Amended Complaint must be filed within twenty (20) days from the date of this Order. County Defendants shall file their responsive pleading within twenty (20) days after the Amended Complaint is filed. If Plaintiffs elect not to file an Amended Complaint, the case will proceed without Plaintiffs' first claim against County Defendants.

IT IS SO ORDERED.

Dated: November 26, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE